## †C. H. & D. Ry. Co. v. O. Nolan.

IT IS NEGLIGENCE PER SE FOR A CRIPPLE TO ATTEMPT TO BOARD A MOVING TRAIN.

It is negligence *per se* for a man, so crippled that he can scarcely get on or off a train while at rest without assistance, to attempt to board a moving train.

ERROR to the Court of Common Pleas of Hamilton county.

SWING, J.

This was an action for damages by Nolan against the railway company for injuries received while attempting to board the defendant company's cars. The train had stopped at Winton Place station, to let on and off passengers. Nolan was on the platform, and the question in dispute was whether he attempted to board the train while it was at rest, or in motion.

Nolan was a cripple, had been for ten years, and had to be helped on and off the train. He was a daily traveler on this road.

The evidence was conflicting as to whether Nolan attempted to board the train while it was at rest or in motion. The allegation of negligence in plaintiff's petition was that, "while he was in the act of getting on one of said defendant's cars at Winton Place, and with all special caution and care at his command, and while he had hold of the hand rail of the car, and one foot raised to be placed on the step of said car, for the purpose of entering said car, and while in full view of the conductor and brakeman who had charge of said car, * * * the train was started so suddenly and without notice, and without giving him proper time to get on the car, so that he was dragged from the platform." * *

†This case in the Supreme Court was dismissed by consent of counsel, March 5, 1895; 2 Legal News, 328.

Plaintiff's testimony in chief, we think, may fail to be taken as supporting the foregoing statement of facts. But in rebuttal he was placed on the stand, and the following question and answer appear in the bill of exceptions:

"*Question* (*by plaintiff's counsel*): I will ask you if you took hold of the car before the car started? *Answer*: No, sir."

If he did not take hold of the car before it started, he must have taken hold of it while the car was in motion, for the testimony is all to the effect that the injury was caused while plaintiff had hold of the car trying to get on it. One Smith, a witness for the plaintiff, testified that plaintiff attempted to board the train while the train was stopped at the station, and while so doing the train was started, and plaintiff was dragged along a short distance, and then thrown down. But both the conductor and the brakeman testified that plaintiff attempted to get on the train after the train had started. We are unable to account for the con-tradiction in plaintiff's testimony.

The theory of his case was, that while he had hold of the car and was attempting to board it, the train suddenly started; but after hearing the testimony of the defendant, to the effect that he attempted to board the train when it had started, he is recalled and says that he did not have hold of the car after it started. Taking his last evidence to be correct, it, together with the defendant's evidence, would clearly make out the weight of the evidence to be that he attempted to board the train while it was in motion.

The defendant asked the court to give the following charge: "If you find that the plaintiff attempted to get on the train after it had started, then your verdict must be for the defendant," which charge the court refused to give. Did the court err in refusing to give this charge, and was the judgment in favor of the plaintiff against the evidence, the court having found that the weight of the evidence was that the plaintiff attempted to board the train while in motion?

In our judgment, it was negligence *per se* in the plaintiff in attempting to board a moving train. He was crippled so badly that he could scarcely get on a train while at rest, without assistance. Certainly no man possessed of ordinary prudence, so crippled, would attempt to board a train while it was in motion, without any assistance. If we are correct in our judgment, the court should have given the charge requested, and for this reason, and the further reason that the judgment is against the evidence, the judgment of the court of common pleas is reversed, and the cause is remanded to that court to be further proceeded with according to law.

*W. R. Maxwell*, for railway company.

*Keam & Keam*, for defendant in error.